[673 NYS2d 593]

In the Matter of HOWARD BORENSTEIN (Admitted as HOWARD JOEL BORENSTEIN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 15, 1998

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated December 18, 1997, the respondent was suspended from the practice of law, pursuant to Judiciary Law § 90 (4) (f), based on his conviction of the serious crime of conspiring to engage in interstate travel in aid

of racketeering, in violation of 18 USC § 371, a Federal felony. In that same order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to John P. Clarke, Esq., as Special Referee, to hear and report.

The Grievance Committee now moves for an order to adjudicate the respondent in default based upon his failure to file an answer to the petition within 10 days of his receipt, as directed by the order dated December 18, 1997.

The petition, which was personally served on the respondent, contains three charges of professional misconduct, i.e., he was convicted of a serious crime, he engaged in conduct which adversely reflects on his fitness to practice law, and he failed to timely file the record of his criminal conviction with the Appellate Division.

The respondent was served with the Grievance Committee's motion to adjudicate him in default on March 19, 1998, but he has neither submitted an answer nor replied thereto.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer in this proceeding, the charges must be deemed established. The petitioner's motion to impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Howard Borenstein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Howard Borenstein is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) ap-

pearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.